GORDILS, PETITIONER, *v.* DISTRICT COURT OF ARECIBO, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Arecibo.

No. 396.—Decided March 8, 1923.

CERTIORARI—TRANSCRIPT—EVIDENCE.—When it is desired to review the action of the trial court in refusing to admit a document in evidence, a copy of the document should be inserted in the petition in order that the Supreme Court may judge of its relevancy or materiality.

ID.—ID.—ID.—It being doubtful whether certiorari may be invoked for obtaining the inclusion of evidence not admitted, and there being other remedies therefor, the writ should be denied.

The facts are stated in the opinion.

*Mr. L. Llorens* for the petitioner.

*Mr. F. Santoni* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a petition for a writ of certiorari and recited the refusal of the court below to admit a letter in evidence which the petitioner, complainant in the court below, affirmed was evidence tending to prove the existence of the contract described in the complaint. The complainant made numerous efforts to have the letter admitted in evidence and finally made a motion for a continuance in order to attempt to prove the authenticity of the letter. The motion for a continuance was denied. Annexed to this motion for a continuance as an exhibit and part of the motion was the excluded letter. The court rendered judgment for the defendant.

When it came to the approval of the stenographer's notes, according to the recitals in the petition, the petitioner made various attempts to have the letter excluded at the trial included in the stenographer's notes. The court apparently refused to admit the letter, although the motion for a continuance which referred to the said letter was copied. We have the stenographer's notes before us in response to the order certifying up the proceedings.

We may say in passing that when it is desired to revise the action of the court below in refusing to admit a document, a copy of such document should be inserted in the petition in order that if it becomes important we may judge of its relevancy or materiality.

The respondent, or rather the defendant, in the court below, as the real party in interest, opposed the certiorari on the ground that the way to revise the action of the court in refusing admission to the letter was by section 64 of our rules; that we had applied this rule by analogy to the case of omitted evidence. *Lizarribar* v. *Rossy,* 18 P. R. R. 468, citing sections 218 and 219 of the Code of Civil Procedure. Furthermore, the defendant cited us to the jurisprudence of this court wherein we decided that a writ of certiorari should not issue to incorporate evidence.

In a writ of certiorari where proceedings are annulled it is extremely doubtful if we could do anything to incorporate evidence, *Argüelles* v. *Rossy,* 19 P. R. R. 995; *Lizarribar* v. *Rossy,* 18 P. R. R. 468, and if we could we should exercise our discretion to deny the writ, as the party has other remedies. One is perhaps by section 64 of our rules or by some other motion made in due time to have the statement of the case sent back for reform. An application of this kind made in the appeal case itself perhaps would be the best mode of testing the necessity for such reform.

The writ must be annulled, without prejudice to right of appellant to apply for some remedy in the appeal case itself.

*Writ denied.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.